UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> BARBARA CURTIS, *et al.*, <br><br> Defendants. | Case No. C05-5495RBL <br><br> REPORT AND RECOMMENDATION <br><br> **NOTED FOR:** <br> **January 27th, 2006** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is plaintiff's motion for a temporary injunction. (Dkt. # 32).

FACTS

Plaintiff asks the court to order he receive surgery for his bunions as well as special orthopedic shoes. (Dkt. # 32). Defendants have responded and the motion is ripe for review. (Dkt. # 45).

On September 25th, 2003 plaintiff was seen by Dr. Tronvig. (Dkt. # 45). The report for that

REPORT AND RECOMMENDATION - 1

1 date states:

> I explained to patient that he really could not to expect even his bunion surgery to correct his foot thereby allowing him to walk better, thereby allowing him to have less knee problems. The cortisone shot would not alleviate his problems either basically there is not a whole lot to do with this gentleman's foot. He already has therapeutic shoes with soft insoles and I think that probably is as good as it gets for this gentleman. I don't think the cortisone shot or the bunion surgery would do any good at this point. He will return if the condition worsens or he fails to improve.

(Dkt. # 45, Exhibit 1, Attachment A). Dr. Trovig also requested x-rays of the right foot and a followup consultation.

Plaintiff was seen again by Dr. Trovig on August 18th, 2004. After that appointment Dr. Trovig recommended plaintiff receive new orthopedic shoes and seriously be considered for bunion surgery. (Dkt. # 45, Exhibit 1, Attachment B). A request for approval of the bunion surgery was denied by a prison medical utilization review committee who determined surgery was not medically required at this point in time. Plaintiff was seen again on November 17th, 2004 after x-rays had been taken. After the November 17th consultation Dr. Trovig stated:

> At this point, I found there are some EEEE shoes available and I would recommend those for this patient. Certainly he is able to engage in essential activities of daily living. He can make it to meals, to his classes etc. Although these bunions are painful they are not keeping him from performing these essential daily activities. At what point they do keep him from performing the daily activities then surgical intervention should be considered as more of an option. However, again I would recommend EEEE shoes as well as some Spenco Cross-Trainer Inserts.

(Dkt. # 45, Exhibit 1, Attachment D).

Plaintiff was seen by PA Thompson on December 3rd, 2004 and although he complained about his shoes he stated he could work out daily, go to the library, meals, and work. (Dkt. # 45, Exhibit 1, Attachment E). Plaintiff was next seen about his feet ten months later on October 3rd, 2005. (Dkt. # 45, Exhibit 1, Attachment F). Plaintiff was complaining that the size EEEE shoes were rubbing and causing pain. *Id*. Plaintiff was then scheduled to be seen by an Orthotist, Dr. Cato. Plaintiff did not show up for the October 25th, 2005 appointment. (Dkt. # 45, Exhibit 1, ¶ 11).

On November 22nd, 2005 plaintiff declared a medical emergency because of pain in his left foot. The nurse practitioner who examined him found a corn near the small toe of the left foot. (Dkt. # 45, Exhibit 1, ¶ 12). On December 12th, 2005 plaintiff was seen by Dr. Khurshid who noted

REPORT AND RECOMMENDATION - 2

plaintiff had almost new EEEE shoes, he also found that contrary to plaintiff's assertions the corn was not draining any fluids. The corn was not inflamed or infected on examination. Examination of the bunion on the right foot showed the bunion protected by a bunion pad. Dr. Khurshid noted plaintiff to be walking without difficulty, and the bunion was not inflamed. Further, there were no open ulcers or "erythematous" [red] spots on plaintiff's feet. Dr. Khurshid concluded that there was no need for further treatment if plaintiff continued to use his EEEE shoes and bunion pads. (Dkt. # 45, Exhibit 1, Attachment G).

## DISCUSSION

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

Plaintiff fulfills neither test. Plaintiff's disagreement with medical providers over what course of treatment should be pursued is not supported by any expert medical testimony and does not show immediate threat of irreparable injury or a constitutional violation. Shields v. Kunkle, 442 F.2d 409, 410 (9th Cir. 1971). Accordingly, the motion should be **DENIED.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

REPORT AND RECOMMENDATION - 3

appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 27th, 2006**, as noted in the caption.

DATED this 3rd day of January, 2006.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4